# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Neil Williams, Plaintiff Below, Petitioner**

**vs)   No. 14-0327** (McDowell County 14-C-29)

**Bonnie Bonar, Ohio County Sheriff;**
**Rose Humway, Magistrate;**
**William Berry, Wheeling Police;**
**Melvin Kahle; Steven Kenney;**
**Stephen Herndon, Attorney;**
**Honorable Arthur M. Recht, Judge-Retired;**
**John Nanny; Jonathan Byrne;**
**Joseph John, Attorney;**
**Honorable David Sims, Judge, Ohio County;**
**Scott Smith, Ohio County Prosecutor;**
**Defendants Below, Respondents**

**FILED**

November 21, 2014
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Neil Williams, appearing *pro se*, appeals the order of the Circuit Court of McDowell County, entered March 14, 2014, that (1) dismissed Senior Status Magistrate Rose Humway, Senior Status Judge Arthur M. Recht, and Judge David Sims, with prejudice, because they had absolute judicial immunity from petitioner's action; and (2) dismissed all defendants because venue was not proper in McDowell County. Respondents Humway, Recht, and Sims, by counsel John M. Hedges and Teresa J. Lyons, filed a response. Respondents Bonnie Bonar, William Barry, Melvin Kahle, John Nanny, Jonathan Byrne, and Scott Smith, by counsel Thomas E. Buck, filed a response and a motion to dismiss. Respondent Stephen Herndon, appearing *pro se*, filed a response and a motion to dismiss. Respondent Joseph John, appearing pro se, filed a response and a motion to dismiss.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

---

[1] In their motions, respondents argue that petitioner's appeal was not perfected because he failed to file an appendix. *See* Rule 5(g)(2), W.V.R.A.P. However, because we can dispose of petitioner's appeal on the same grounds on which the circuit court ruled, *see infra*, we decline to address this issue.

reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 17, 1998, in the Circuit Court of Ohio County, West Virginia, petitioner pled guilty to and was convicted of eight counts of sexual assault in the third degree; one count of sexual abuse in the third degree; two counts of sexual abuse by a parent, guardian, or a custodian; one count of exhibiting obscene material to a minor; one count of sexual abuse in the first degree; and one count of photographing a minor in sexually explicit conduct.

Between October of 2000 and December of 2010, petitioner filed three petitions for a writ of habeas corpus challenging his Ohio County convictions. Petitioner obtained partial relief in his first habeas proceeding, in which the Circuit Court of Ohio County entered an agreed order on July 21, 2005, to reduce petitioner's sentences for the two counts of sexual abuse by a parent, guardian, or a custodian pursuant to the statute that was in effect at the time petitioner committed his offenses. On November 8, 2005, the Ohio County court denied all other relief. Petitioner's two subsequent habeas petitions were dismissed by the Ohio County court. This Court affirmed the dismissal of the third petition in *Williams v. Ballard*, No. 11-0889, 2012 WL 4373180 (W.Va. Supreme Court, September 21, 2012) (memorandum decision).

Petitioner is currently incarcerated as a result of his Ohio County convictions in Stevens Correctional Center in McDowell County, West Virginia. On February 14, 2014, petitioner filed an action against respondents—the Ohio County magistrate, judges, prosecutors, defense attorneys, and police officers[2] involved in either his criminal case or his habeas proceedings, or both—in the Circuit Court of McDowell County, West Virginia, alleging that they acted in various combinations to rob petitioner of his good name, put him in prison, and keep him incarcerated. Petitioner sought over $1,000,000 in damages.

Respondents Humway, Recht, and Sims filed a motion to dismiss based on judicial immunity. Respondent John moved to dismiss petitioner's action because venue was not proper in McDowell County. In granting the first motion, the Circuit Court of McDowell County, West Virginia, found that Respondents Humway, Recht, and Sims had absolute judicial immunity from petitioner's action because all of petitioner's allegations against them concerned (1) functions normally performed by a judicial officer; and (2) acts that were not taken in the complete absence of jurisdiction. In granting the second motion, the circuit court determined that venue was improper in McDowell County because (a) all of the respondents reside in Ohio County except for Respondent Byrne, who lives in Kanawha County, West Virginia; (b) none of the respondents reside in McDowell County; and (c) none of the causes of action asserted by petitioner allegedly arose in McDowell County—rather, they all allegedly arose in Ohio County. Accordingly, the McDowell County court (1) dismissed Respondents Humway, Recht, and Sims, with prejudice, because they had judicial immunity from petitioner's action; and (2) dismissed all respondents because venue was not proper in McDowell County.

---

[2] According to petitioner's complaint, Respondent Nanny was a social worker, who was also a retired truant officer.

2

Petitioner now appeals the McDowell County Circuit Court's March 14, 2014 order dismissing his action. Petitioner raises four assignments of error: (1) the circuit court erred in dismissing the action because the presiding judge, Judge Rudolph J. Murensky, II, had a conflict of interest; (2) Respondents Humway, Recht, and Sims did not have judicial immunity from petitioner's action because they were acting under only the color of state law; and (3) the circuit court erred in dismissing the action for improper venue because the court should have appointed petitioner counsel and allowed him to amend his complaint. We address each of these issues in turn.

### Petitioner has abandoned his claim of a conflict of interest

In alleging a conflict of interest, Petitioner asserts that one of Judge Murensky's relatives works at Stevens Correctional Center (where petitioner is incarcerated), but he fails to explain the relevance of that fact. "Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock,* 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996). Assuming, *arguendo*, that Judge Murensky's relative works at the facility where petitioner is incarcerated, the relevance of this fact is not clear because petitioner is not suing Stevens Correctional Center—or its warden—over any terms or conditions of his confinement. Because petitioner fails to fully brief this issue to explain its relevance, we find that it has been abandoned. *See id.*[3]

### Respondents Humway, Recht, and Sims had judicial immunity

The circuit court dismissed, with prejudice, petitioner's claims against Respondents Humway, Recht, and Sims because he failed to state a claim against them on which relief can be granted;[4] accordingly, our review is de novo. *See* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac Buick, Inc.,* 194 W.Va. 770, 773, 461 S.E.2d 516, 519 (1995). Petitioner essentially argues that the acts he alleged against these respondents were taken in the complete absence of jurisdiction. *See* Syl. Pt. 4, in part, *Roush v. Hey* 197 W.Va. 207, 208, 475 S.E.2d 299, 300 (1996) ("[A]bsolute judicial immunity applies (1) to all judicial act[s]; unless (2) those acts fall clearly outside the judge's subject matter jurisdiction."). Respondents Humway, Recht, and Sims counter that all the alleged acts taken by them were in the course of either petitioner's criminal case or his three habeas proceedings—over which they clearly had subject matter jurisdiction—and therefore, judicial immunity bars petitioner's instant action. We agree and find that petitioner avers that the alleged acts fell outside these respondents' jurisdiction only because they ruled against him during the course of his criminal case and in subsequent habeas proceedings. While petitioner has challenged these rulings, he has not been successful. Accordingly, we conclude that the circuit

---

[3] Petitioner also failed to bring this issue to Judge Murensky's attention until after his action had been dismissed. *See* Syl. Pt. 2, *Sands v. Security Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733, 734 (1958) ("This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance.").

[4] *See* Rule 12(b)(6), W.V. R.C.P.

court did not err in dismissing Respondents Humway, Recht, and Sims with prejudice on the ground of absolute judicial immunity.

<u>Petitioner filed his action in an improper venue</u>

Given that the circuit court dismissed all respondents for improper venue, we find that we review this dismissal only for an abuse of discretion. *See* Syl. Pt. 1, *United Bank, Inc. v. Blosser*, 218 W.Va. 378, 379, 624 S.E.2d 815, 819 (2005) (establishing standard for review for such dismissals). Petitioner argues that the circuit court should have appointed him counsel and/or permitted him to amend his complaint so that his action "could have been transferred to a *proper* venue." (Emphasis added.) Thus, we find that petitioner concedes that venue was improper in McDowell County. Respondents generally argue that appointment of counsel—which is rare in civil actions—and leave to amend petitioner's complaint would have done nothing to change the fact that McDowell County constituted an improper venue for the reasons the circuit court gave in its order: (1) all of the respondents reside in Ohio County except for Respondent Byrne, who lives in Kanawha County; (2) none of the respondents reside in McDowell County; and (3) none of the causes of action asserted by petitioner allegedly arose in McDowell County—rather, they all allegedly arose in Ohio County. We agree and conclude that the circuit court did not abuse its discretion in dismissing all respondents on the ground of improper venue.

For the foregoing reasons, we find no error in the decision of the Circuit Court of McDowell County and affirm its March 14, 2014, order that (1) dismissed Respondents Humway, Recht, and Sims, with prejudice, because they had judicial immunity from petitioner's action; and (2) dismissed all respondents because venue was not proper in McDowell County.[5]

Affirmed.

---

[5] We find that, unlike the circuit court's dismissal of Respondents Humway, Recht, and Sims—which the court specifically designated as "with prejudice"—the court's dismissal of all respondents for improper venue was without prejudice. In the event that petitioner refiles his action in a proper venue, we note that it is likely that other respondents in this case could have immunity as well. *See*, *e.g.*, *Mooney v. Frazier,* 225 W.Va. 358, 370 n. 12, 693 S.E.2d 333, 345 n. 12 (2010) (absolute prosecutorial immunity); Syl. Pt. 6, *City of Saint Albans v. Botkins*, 228 W.Va. 393, 394-95, 719 S.E.2d 863, 864-65 (2011) (qualified immunity for police officers). In addition, "unless there is a bona fide dispute as to the foundational or historical facts that underlie the immunity determination, the ultimate questions of statutory or qualified immunity are ripe for summary disposition." Syl. Pt. 5, in part, *Botkins*, 228 W.Va. at 394, 719 S.E.2d at 864 (Internal citations and omissions omitted.)

**ISSUED:** November 21, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

5